IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>              Plaintiff,<br><br>    v.<br><br>PRATE ROOFING & INSTALLATIONS, LLC, an Illinois corporation; ALL SEASONS ROOFING, INC., a Tennessee corporation; and DEVON BANK, as the Independent Administrator of the Estate of CARLOS NOE PERMODO AYALA, Deceased,<br><br>              Defendants. | Case No. 17 C 8793<br><br>Judge Harry D. Leinenweber |
| PRATE ROOFING & INSTALLATIONS, LLC,<br><br>  Counter/Cross-Plaintiff,<br><br>    v.<br><br>UNITED FIRE & CASUALTY COMPANY, and ALL SEASONS ROOFING, INC.,<br><br>  Counter/Cross-Defendants, | |

**MEMORANDUM OPINION AND ORDER**

This insurance coverage dispute has resulted in Cross Motions for Summary Judgment. The coverage issue involves a policy issued by United Fire & Casualty ("United Fire") to the

Defendant All Seasons Roofing, Inc. ("All Seasons"), in which Prate Roofing & Installations, LLC ("Prate") was named as an additional insured, and the coverage question arises out of an underlying negligence action involving the death of an employee of 21st Century Roofing, LLC ("21st Century"), a subcontractor of All Seasons. The negligence action named All Seasons and Prate as Defendants. For the reasons stated herein, Prate's Motion for Summary Judgment (Dkt. No. 60) is granted, and United Fire's Motion for Summary Judgment (Dkt. No. 53) is denied. All Seasons's Motion for Summary Judgment (Dkt. No. 56) is denied as moot.

## I. BACKGROUND

The underlying contractual relations at issue in this case are somewhat complex. A firm named Sparrow Hawk, LLC ("Sparrow Hawk") owned two buildings in Waukegan, Illinois. Sparrow Hawk contracted with All Seasons to inspect these buildings. Upon inspection All Seasons found evidence of hail damage to the roofs. All Seasons, which was not a licensed roofer in Illinois, arranged with Prate to serve as general contractor for the work and in turn Prate was to issue a subcontract to All Seasons to perform the work. However, because All Seasons was not licensed in Illinois, it subcontracted with 21st Century to perform the actual work, even though as it turned out, 21st Century was also

not licensed in Illinois (a fact that does not seem to have any bearing on the outcome of these Motions).

In any event, while 21st Century was performing the contract work on the site, one of its employees fell to his death through a roof skylight. The death gave rise to the underlying negligence and wrongful death lawsuit against All Seasons and Prate. *See Devon Bank v. Prate Roofing & Installations, LLC et al.*, No. 17-cv-03940 (N.D. Ill). Prate tendered its defense of this lawsuit to United Fire, who rejected the tender, and then filed this suit against Prate for declaratory judgment. Prate counterclaimed for declaratory judgment that United Fire had an obligation to defend it.

United Fire, on behalf of its named insured, All Seasons, settled with the plaintiff in the underlying action for the sum of $1,000,000, which was United Fire's policy limit. All Seasons then successfully petitioned the Illinois Circuit Court, under the Illinois Contribution Among Joint Tortfeasors Act (740 ILCS 100/2), for a finding that the settlement was in good faith, thus barring Prate from seeking contribution. The issue in this case is whether the United Fire policy with All Seasons requires United Fire to defend Prate.

The underlying Amended Complaint alleges that Prate was guilty of the following specific "careless and negligence acts

and/or omissions": failure to make a reasonable inspection of the premises and the work being done; improper operating, management, maintenance and control of the premises; failure to supervise the work being done; failure to schedule and/or coordinate the work of the contractors and/or subcontractors; and failure to stop the decedent's work or otherwise prevent him from working in unsafe conditions. The Amended Complaint also alleges that All Seasons committed one or more of 19 specific acts or omissions, which included the same four that were charged to Prate. Each of these specific allegations against Prate and All Seasons is prefaced by the boilerplate language "by and through their agents, servants, and employees."

Prate's sub-contract with All Seasons provided that All Seasons would provide "Certificates of insurance . . . meeting owners' and Prate's requirements . . .." A purchase order issued by Prate to All Seasons provided the following: "Prate Roofing & Installations must receive a certificate of insurance (evidencing equal or higher limits carried by Prate Roofing & Installations LLC) before any subcontractor will be allowed on the job site. Prate Roofing & Installation, LLC must be listed as an additional insured." United Fire issued a certificate of insurance dated October 17, 2016, naming Prate Roofing as an additional insured on the United Fire policy. However, the

certificate also states that it was issued "as a matter of information only and confers no rights upon the certificate holder" and that the "certificate does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies . . .." The United Fire policy issued to All Seasons contained what is referred to as "a vicarious liability endorsement," which limits liability to a contractor who is an additional insured under an agreement, but only "with respect to [its] liability for 'bodily injury' . . . which may be imputed to that person or organization directly arising out of: 1. Your acts or omissions; or 2. The acts or omissions of those acting on your behalf; 3. The performance of your ongoing operations for the additional insured." (United Fire Policy, Section II, Para. 5a, Ex. C to Dkt. No. 55.)

It is United Fire's position that it does not owe Prate a defense to the underlying law suit because of this vicarious liability endorsement. It contends that the relationship between Prate and All Seasons was that of contractor and independent contractor, so that the negligence of All Seasons and 21st Century cannot be imputed to Prate, *i.e.*, there is no vicarious liability. United Fire cites *Carney v. Union Pacific P. Co.*, 77 N.E.3d 1 (Ill. 2016), in which the Illinois Supreme Court adopted the rules annunciated by the *Restatement (Second) of Torts*

regarding tort liability under construction contracts. The *Restatement* provides that an independent contractor such as Prate is not liable for the torts of its contractee. Also, United Fire contends that Prate is judicially estopped from arguing otherwise because Prate filed a counterclaim against All Seasons for contribution under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/1 *et seq.*, which it claims constitutes a judicial admission that the relationship was one of contractor-independent contractor and not one of principal and agent. United Fire also argues that, since All Seasons settled with the plaintiff in the underlying suit, if Prate was in fact an agent of All Seasons, the settlement of the principal releases the agent, so Prate would have no further liability.

Prate, in response, cites *Pekin Ins. Co. v. Centex Homes,* 72 N.E.3d 831 (Ill. App. Ct. 2017), *appeal denied*, 84 N.E.3d 364 (Ill. 2017), which followed and interpreted *Carney*. *Pekin* articulates the well-known proposition that an insurer's duty to defend is broader then its duty to indemnify and a court must compare the allegations in the underlying complaint to the policy language to determine coverage. *Pekin*, 72 N.E.3d at 839 (citations omitted). An insurer cannot refuse to defend unless it is clear from the face of the complaint that the facts alleged do not bring the case within or potentially within the policy

language. *Id*. Here, according to Prate, the Complaint alleges that both Prate and All Seasons, "by and through [their] agents, servants, and employees" committed certain negligence acts or omissions, allegations that clearly bring the Complaint within the vicarious liability endorsement. It also responds to United Fire's claim of judicial admission of lack of agency, by pointing out that United Fire's refusal to defend it left it in a catch twenty-two position: that it was forced by United Fire to pursue both possible outcomes, that it was an independent contractor, or it was an agent.

## II. DISCUSSION

United Fire's case relies on its argument that the All Seasons was an independent contractor with Prate and therefore Prate could not be vicariously liable for its negligence. Thus, United Fire does not have an obligation to defend Prate because of the provision of its policy that excludes the obligation to defend where the contractor, seeking coverage, is independently liable based on its own negligence and not vicariously liable for the negligence of the contractee. The law involved in making this determination, according to the Illinois Supreme Court, comes from Section 409 of the *Restatement (Second) of Torts:* one who employs an independent contractor is not liable for the harm caused by the latter's acts or omissions. *See Carney,* 77

N.E.3d at 7. The reason is that the independent contractor renders service according to the will of the person for whom the work is being done only as to the results of the work and not as to the means by which it is accomplished. The test of the relationship is the right to control. Because the hiring entity has no control over the details and methods of the independent contractor's work, it is not in a good position to prevent negligent performance.

Section 414 of the Restatement operates as an exception to Section 409: liability may be imposed upon a hiring entity, if that entity retains the control of any part of the work and an injury is caused by his failure to exercise that control with reasonable care. *Carney*, 77 N.E.3d at 22. However, Section 414 only provides a basis for the imposition of direct liability to the hiring entity because such an entity is not typically answerable for the independent contractor's negligence. This is the rub because, as pointed out in comment a to Section 414, a hiring entity who retains control over the operative detail of any part of the work, may be subject to liability under the laws of agency for the negligence of the employees of the contractor, *i.e.,* vicarious liability may be imposed on the hiring entity for the negligence of the employees of its contractor if it had

control over them. *See id.* at 9; Restatement (Second) of Torts § 414, cmt. a, at 387 (1965).

Upon review of the briefing, the Court must agree with Prate. United Fire's arguments are based on what it can perceive as the expected outcome when the case finally concludes: that Prate's relationship with All Seasons was in fact one of independent contract, or that Prate was released from liability based on the underlying plaintiff releasing All Seasons. However, an insurer's duty to defend is broader than its duty to indemnify. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.,* 607 N.E.2d 1204, 1220 (Ill. 1992). An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the complaint that the facts set forth in that document do not bring the underlying case within or potentially within the insured's policy coverage, even if the factual allegations of the complaint are "groundless, false or fraudulent." *General Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.,* 828 N.E.2d 1092, 1098 (Ill. 2005).

The question of coverage is what is written in the complaint, not what the record might ultimately reveal. Moreover, the language is to be liberally construed in favor of the insured. *Pekin,* 72 N.E.3d at 839. If the complaint can be read to charge Prate with vicarious liability, then Prate is an

additional insured and United Fire must defend it. Whether United Fire must indemnify Prate is another issue which, at this state of the litigation we do not reach. If, as alleged in United Fire's brief, Prate is entitled to be dismissed on the basis of the plaintiff releasing All Seasons, its defense should be no problem, and a motion to dismiss brought on Prate's behalf would be all that is required.

The duty to defend based on vicarious liability relies on two components: the named insured must be potentially negligent and there must be a potential for holding the additional insured vicariously liable for that negligence. Here the first point is clearly made: the underlying complaint alleges that All Seasons committed one or more of 19 alleged acts of negligence or omission, which include the specific acts of negligence which the complaint charges which fulfills the second point.

Prate relies on Illinois Appellate Court opinions *Pekin Insurance Company v. Centex Homes,* 72 N.E.3d 831 (Ill. App. Ct. 2017), and *Pekin Insurance Company v. Lexington Station, LLC,* 84 N.E.3d 554 (Ill. App. Ct. 2017), which both apply *Carney v. Union Pacific.* These two cases concern language that was determined to allege vicarious liability and is very similar to that in the underlying tort and wrongful death claim in this case. The similarities in the boilerplate language at issue in this case

and in the Illinois court precedent are apparent: "individually and through its agents, servants and employees" (this case), and "individually and through their agents servants and/or employees" (*Pekin Insurance Company v. Centex Homes*), and "through its agents, improperly, operated, managed, maintained and controlled the premise" and "failed to supervise the work being done" (*Pekin Insurance Company v. Lexington Station*). And as the Court has previously noted, the allegations in the Complaint are to be liberally construed in favor of the insured.

Therefore, under Illinois law, as a result of the pleadings in the underlying litigation, the Court declares that United Fire under its policy issued to All Season has an obligation to defend Prate in the underlying litigation.

All Seasons also moved for summary judgment, arguing that if the Court held that United Fire had no duty to defend Prate, Prate failed to state a claim of breach of contract against All Seasons. Because the Court found that United Fire has a duty to defend, All Seasons's motion is moot. All Seasons's Motion for Summary Judgment is therefore denied.

### III. CONCLUSION

For the reasons stated herein, Prate's Motion for Summary Judgment (Dkt. No. 60) is granted, and United Fire's Motion for

Summary Judgment (Dkt. No. 53) is denied. All Seasons's Motion for Summary Judgment (Dkt. No. 56) is denied as moot.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: 7/29/19